# Zimmerman *v.* Ohio German Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Principal and agent—Agent for both parties—Affidavit of defense.*

In an action under a policy of fire insurance, an affidavit of defense is insufficient to prevent judgment which avers that the policy was placed by an agent of the defendant, who was also an agent of the plaintiff, but fails to aver that such party was agent of both parties at the time the insurance was placed, or that he had any interest whatever in the property insured.

Argued Oct. 27, 1908. Appeal, No. 23, Oct. T., 1908, by defendant, from order of C. P. Northumberland Co., Dec. T., 1907, No. 15, making absolute rule for judgment for want of a sufficient affidavit of defense in case of E. B. Zimmerman and Margaret J. Zimmerman,. trading as The Shamokin Wagon Works, v. The Ohio German Fire Insurance Company of Toledo, Ohio. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a policy of fire insurance.
Rule for judgment for want of a sufficient affidavit of defense.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*Arthur S. Arnold,* with him *C. F. Shipman,* for appellant.

*W. H. Unger,* with him *W. L. Snyder,* for appellee.

OPINION BY HEAD, J., July 14, 1909:
The policy of insurance in this case, like that in Shamokin Manufacturing Company against the same defendant, in which an opinion has been this day filed, post, p. 000, was countersigned and delivered by A. G. Marr, the local agent of the de-

fendant, at Shamokin, Pa.  The argument, in which the learned counsel for appellant urges us to reverse this judgment, rests upon the following averment in the affidavit of defense: "The defendant company has received two letters, one from the said A. G. Marr, and one from the assured, copies of which are hereto attached and made part hereof and marked exhibits 'C' and 'D' respectively, and in consequence of the contents of the said letters, deponent believes and therefore avers, and expects to be able to prove upon the trial of the cause, that the said A. G. Marr, at the time of the issuance of the last mentioned policy, was acting as the agent of the Shamokin Wagon Works (plaintiffs) as well as the agent of the defendant company."

Upon the strength of this averment the defendant contends that this case is embraced in the same category and presents the same controlling question just disposed of in the former case.

As we view the record, this case does not exhibit the important fact by reason of which the controlling principle in the former case was successfully invoked.  It is manifest this affidavit avers no interest of any kind of its own agent in the business of the plaintiff or in the property insured by the policy.  If there was an unqualified averment that at the time of the issue of the policy, the plaintiffs in obtaining that policy were represented by Marr, the local agent of the defendant, the appellants' contention would have some foundation upon which to rest.  The averment, however, is not made upon knowledge other than that disclosed by the two letters made part of the affidavit, and therefore the fact really averred is the fact disclosed by those letters and nothing more.  Turning then to the letters, in order to learn the real significance of the averment, we find that exhibit "C" is a letter written by Marr, the insurance agent, to his own company some time after the fire.  To this letter the plaintiffs were not parties, and it discloses no foundation for the conclusion that Marr, at the time the policy issued, was acting in any capacity for the assured.

Exhibit "D" is a letter from one of the plaintiffs to the defendant company, written several months after the date of the fire, demanding payment of the insurance money.  In that letter

the following paragraph appears: "In the first place when our loss was adjusted, we were willing that you should deduct the usual discount for cash settlement, and all the other companies promptly mailed us remittances, but our representative here, Mr. A. G. Marr, said that such was not the understanding, and further that you had the privilege of waiting sixty days, etc."

Upon the argument of the motion for judgment for want of a sufficient affidavit of defense the learned court below disposed of this letter and the expression therein quoted as follows: "The letter to the insurance company marked exhibit 'D,' dated July 21, 1907, and signed E. B. Zimmerman, manager, contains this expression: 'but our representative here, Mr. A. G. Marr, said,' etc. This is manifestly a misprint. The word 'our' should be 'your.'" It is quite probable it would turn out upon an investigation that as a matter of fact the conclusion reached by the learned court was correct. In the absence of any evidence at all on the subject, however, the act of the learned court in determining as a matter of law that the word "our" meant "your," and for this reason entering judgment for the plaintiff, might be questionable. Taking the letter, however, as it is written, and giving to the defendant the benefit of the expression contained in it, we are unable to see that it furnished any sufficient foundation for the conclusion that, at the time the policy issued, the local agent of the insurance company occupied any such relation to the assured as would avoid the policy. As already stated, it does not appear anywhere that the insurance agent had any interest whatever in the property that was insured. The letter was written long after the fire. The parties insured seemed to be acting for themselves, and conducting their own business with the insurance company. There is nothing in the letter to indicate that at the time the policy was issued, nearly a year before the date of the letter, the insurance agent had any relations whatever with the plaintiff; and it is equally barren of evidence that even at the date of its writing, long after the fire, the alleged agency of Marr as a representative of the plaintiffs had anything to do with their insurance in the defendant company. For aught that appears, either in the letter or elsewhere, Marr's agency for the plaintiff, if it

existed at all, might have been confined to the sale of wagons for them or the purchase of materials out of which they were wrought.

Measuring then the strength of the averment in the affidavit by the foundation on which it rests, to wit: the expression contained in the letter, we are unable to see that it sets forth anything sufficient to prevent the entry of judgment. If deficient in this respect, then it would not appear that the plaintiffs were in any way affected by any misstatement which the agent may have made in his daily report to the insurance company, and the other matters set up in the affidavit would be without any effect as to them in the present controversy. We are of opinion, therefore, that the affidavit filed in this case disclosed no meritorious defense, and the assignments of error must be accordingly overruled.

Judgment affirmed.